[No. 19587.   Department Two.—November 23, 1895.]

## CHARLES L. SMITH, APPELLANT, *v.* BARCLAY HAZARD, RESPONDENT.

STREET IMPROVEMENT—PROTEST OF OWNERS—CONSTRUCTION OF STATUTE. Under the Street Improvement Act of 1885, as amended in 1891, the city council has authority to order the grading or other improvement of one of two adjoining ungraded blocks intervening between and bounded at each end by graded blocks, notwithstanding the protest of the owners of a majority of the frontage of the property fronting on the proposed work or improvement; and it is not necessary that the whole intervening unimproved space must have been improved under one resolution of intention and one contract; but the council has authority to order the whole or any part of the intervening ungraded blocks to be graded or improved, regardless of objections by owners of lots fronting on the proposed improvement.

ID.—COMPLETION OF WORK—SLIGHT DEFECT—APPEAL TO COUNCIL.—The only remedy for a slight defect in the work at the time of its acceptance by the superintendent of streets, in leaving a narrow strip ungraded, which was afterward graded by the owner of the lot, is by an appeal to the city council, and it cannot be objected to in an action to recover a street assessment for work done under the contract.

ID.—PUBLICATION OF RESOLUTION OF INTENTION—INSERTION ON SUNDAY. Under section 3 of the Street Improvement Act, requiring the resolution of intention to be published by two insertions in one or more daily,

CX. CAL.—10

semi-weekly, or weekly newspapers published and circulated in the city, the publication of the resolution on Saturday and Sunday consecutively in a daily newspaper published and circulated in the city, is a liberal compliance with the statute, which does not except Sundays, and the publication is sufficient.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. B. COPE, Judge,

The facts are stated in the opinion.

*W. S. Day*, for Appellant.

The street improvement law should be liberally construed, and the council had jurisdiction to improve the whole or any part of the intervening space. (Street Improvement Law, secs. 2, 3, 11, 12.)

*Richards & Carrier*, for Respondent.

These proceedings, by which property may be divested, are *in invitum* and must be strictly pursued. (*Dehail* v. *Morford*, 95 Cal. 460; *Brock* v. *Luning*, 89 Cal. 316; *Perine* v. *Forbush*, 97 Cal. 305; *Treanor* v. *Houghton*, 103 Cal. 53.) The written objection of the owners of a majority of the frontage on the line of the proposed improvement worked an absolute bar of further proceedings of the council for six months; during that period their jurisdiction was completely suspended. (Finlason on Street Laws, 28–31; *Dougherty* v. *Harrison*, 54 Cal. 428; *Treanor* v. *Houghton, supra; McDonald* v. *Dodge*, 97 Cal. 112.)

VANCLIEF, C.—This is an action to recover a street assessment of two hundred and eighteen dollars and forty-six cents for work done by plaintiff on Micheltorena street, in the city of Santa Barbara, under contract with the superintendent of streets.

On June 13, 1893, the city council, by resolution, declared its intention "to grade, curb, and gutter" said street, "from the northeasterly line of Chapala street to the northeasterly line of De la Vina street, a distance of one block, and duly posted and published said resolution.

Thereafter, on July 1, 1893, the owners of a majority of the frontage on the proposed improvement in due form protested against said improvement; but the city council disregarded their protest, and without delay proceeded in the matter as if no objection or protest had been made.

The court below ruled that the protest was a bar to further proceedings for six months; and that all subsequent proceedings, including the assessment, were therefore void. Whether or not this ruling was correct is the principal question discussed by counsel on this appeal. The appellant contends that it was error.

The block improved was one of two adjoining ungraded blocks intervening between and bounded at each end by graded blocks; and it is not denied that the council had power to improve the two ungraded blocks thus situated, notwithstanding the protest; but respondent contends that the whole intervening unimproved space of two blocks must have been improved under one resolution of intention and one contract; and that the council was not authorized to improve each of the two intervening blocks under a distinct resolution of intention or a distinct contract, in disregard of a protest by the owners of a majority of the frontage, even though each of the intervening blocks was being so improved at the same time.

I think, however, that this is a misconstruction of the street law. Section 2, page 196, of the Street Improvement Act of 1885, as amended in 1891, confers upon the city council general authority " to order the whole or any portion, either in length or width of streets," to be improved, etc. But section 3 of the same act limits this general authority as follows:

" The owners of a majority of the frontage of property fronting on said proposed work or improvement, where the same is for one block or more, may make a written objection to the same within ten days after the expiration of the time of the publication and posting of said notice, which objection shall be delivered to the clerk

of the city council, . . . . and such objections so deliv-
ered and indorsed shall be a bar for six months to any
further proceedings in relation to the doing of said
work, or making said improvement, unless the owners
of one-half or more of the frontage, as aforesaid, shall
meanwhile petition for the same to be done."

Farther on in the same section an exception to the
above limitation is expressed as follows: "And when
not more than two blocks, including street crossings,
remain ungraded to the official grade, or otherwise un-
improved, in whole or in part, and a block or more on
each side upon said street has been so graded or other-
wise improved, or when not more than two blocks at
the end of a street remain so ungraded or otherwise un-
improved, said city council may order any of the work
mentioned in this act to be done upon said intervening
ungraded or unimproved part of said street, or at the
end of a street, and said work upon said intervening
part or end of a street shall not be stayed or prevented
by any written or other objection, unless such council
shall deem proper."

The facts of the case at bar bring it clearly within
this exception, and exclude it from the above limitation
upon the power of the council; and, therefore, the au-
thority of the city council to improve the street through
said two intervening blocks must be that conferred by
section 2 of the act, namely, "to order the whole or any
portion" thereof to be graded or otherwise improved,
regardless of objections by owners of lots fronting on
the improvement.

The plaintiff pleaded and offered to prove that both
intervening blocks were being improved at the same
time, though under distinct proceedings and contracts,
and that the improvement of both had been completed;
but the court rejected all proffered evidence of this char-
acter, to which plaintiff excepted, and contends here
that the exclusion of such evidence was error. But if
the views above expressed are correct, the proffered evi-
dence was immaterial and its rejection harmless.

Counsel for respondent contends that the superintendent accepted the work before it was completed according to contract, claiming that there was a narrow strip of an average width of six inches, on which stood a fence in front of one of the lots, ungraded at the time work was accepted, though it was afterward graded by the owner of the lot. The only remedy for this attenuated defect was to be had by an appeal to the city council. (Jennings v. Le Breton, 80 Cal. 8.)

Section 3 of the act requires the resolution of intention to make the improvement to be "published by two insertions in one or more daily, semi-weekly, or weekly newspapers published and circulated in said city," etc. The resolution in this case was inserted on two consecutive days—Saturday and Sunday—in a daily newspaper published and circulated in said city of Santa Barbara.

It is contended by respondent that the publication was insufficient, because the last insertion was on Sunday.

The publication was a literal compliance with the statute—"two insertions in a daily newspaper," Sundays not excepted—a series of acts, and not a publication for a specified period.

I think the publication was sufficient (Savings etc. Society v. Thompson, 32 Cal. 347–54), and that the judgment should be reversed and the cause remanded for a new trial.

Belcher, C., and Searls, C., concurred.

· For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for a new trial.

McFarland, J., Henshaw, J., Temple, J.

· Hearing in Bank denied.